UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:07CR656-DJS |
| | ) |
| LANCE COCKRELL, | ) |
| | ) |
| Defendant. | ) |

<u>ORDER</u>

On July 17, 2008, a jury found defendant Lance Cockrell guilty of conspiring to distribute, and to possess with intent to distribute, cocaine and cocaine base, in violation of 21 U.S.C. §841(a)(1) and §846. At sentencing on October 17, 2008, the Court determined the advisory Sentencing Guidelines imprisonment range to be 188 to 235 months, based on a Total Offense Level of 36 and a Criminal History Category of I. Based on the quantity of cocaine base for which the jury found Cockrell to be accountable – in excess of 50 grams – his conviction carried a statutory mandatory minimum term of 120 months' imprisonment.

The Court granted defendant's motion for a downward variance from the Guidelines range, based on agreement of the parties and in view of Cockrell's lack of criminal history, his degree of relative culpability in the conspiracy, and the sentences of his co-defendants. The Court sentenced Cockrell to the

statutory minimum of 120 months. Direct appeal was taken and remains pending before the United States Court of Appeals for the Eighth Circuit.

Now before the Court is Cockrell's pro se motion for reduction of sentence. Cockrell invokes cases in which he contends a 1-to-1 crack to powder cocaine ratio was found to be appropriate and was applied in sentencing, and "demands that he receive the 2-Level retroactive reduction past [sic] by the Sentencing Commission and went into effect on March 3, 2008, and the 1 to 1 Ratio from 'crack' to 'powder cocaine' which was amended to amendment 706 on January 24, 2008[.]" Motion [Doc. #447], p.3. Cockrell having been sentenced on October 17, 2008, he was in fact sentenced after the November 1, 2007 effective date of amendment 706 and its 2-level reduction of the base offense levels for quantities of crack cocaine. The crack cocaine Sentencing Guidelines amendment to which Cockrell refers was applied in his case.

Furthermore, and of even greater significance, the Court varied downward from the advisory Guidelines imprisonment range and sentenced Cockrell to **the mandatory minimum sentence set by statute**. The statutory minimum sentence is impervious to amendments to the Sentencing Guidelines and to considerations under 18 U.S.C. §3553(a), to which Cockrell also alludes. For all the foregoing reasons, no reduction of Cockrell's sentence is shown to be warranted, appropriate, or even possible.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Lance Cockrell's motion for reduction of sentence [Doc. #447] is denied.

Dated this  9th  day of December, 2009.

                                          /s/ Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE